DARRYL J. HOROWITT #100898
dhorowitt@ch-law.com
SHERRIE M. FLYNN #240215
sflynn@ch-law.com
COLEMAN & HOROWITT, LLP
Attorneys at Law
1880 Century Park East., Ste. 404
Los Angeles, CA 90067
Telephone: (310) 286-0233
Facsimile: (310) 203-3870

Attorneys for Plaintiff,
HARMAN INTERNATIONAL INDUSTIRES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(WESTERN DIVISION)

| | |
|---|---|
| HARMAN INTERNATIONAL INDUSTRIES, INC.,<br><br>Plaintiff(s),<br><br>v.<br><br>DESIGNER AUDIO VIDEO, dba DESIGNERAUDIOVIDEO.COM,<br><br>Defendant(s). | NO.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADEMARK COUNTERFEITING AND VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, HARMAN INTERNATIONAL INDUSTRIES, INC. ("Harman" or "Plaintiff"), alleges:

**PARTIES**

1. Plaintiff Harman is, and at all times relevant hereto was, a Delaware corporation with its principal place of business in the city of Stamford, Connecticut with offices in the Northridge neighborhood of the city of Los Angeles and authorized to conduct business in the State of California.

2. Plaintiff is informed and believes and thereon alleges that defendant, DESIGNER AUDIO VIDEO ("DAV") is, and at all relevant times hereto was, a business organization, form unknown, with its principal place of business in the City of New

1
COMPLAINT

York, New York, and which conducts business under the business name "DesignerAudioVideo.com" operating at www.designeraudiovideo.com throughout the United States, including the County of Los Angeles. Plaintiff is unaware of the name and/or names of the owner(s) of DAV nor could it reasonably discover prior such information to the filing of this action.

**JURISDICTION AND VENUE**

3. This court has jurisdiction in this matter pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1338(a) and (b), as the claims arise under the trademark laws of the United States. The court also has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy is over $75,000 and there is complete diversity between the parties, specifically, Harman is a resident of the State of Connecticut and DAV is a resident of the State of New York.

4. This court also has supplemental jurisdiction over Harman's claims for violation of the California Business & Professions Code under 28 U.S.C. § 1367(a).

5. Defendant DAV is subject to personal jurisdiction in this Court because: (a) DAV misrepresented the authentic nature of products to consumers in this State and this District; (b) based on information and belief, DAV regularly sells and ships Harman's products to this State and this District using Harman's trademarks without proper disclaimers and without offering a comparable warranty, knowing that a substantial number of consumers in this State and in this District will be confused as to the source of the goods; (c) DAV infringed Harman's trademarks in this State and in this District; (d) DAV maintains a highly interactive website and on-line internet presence, solicits business from consumers in this State and this District and based on information and belief regularly conducts business through on-line sales in this State and in this District of the infringing products that are the subject of this action; and (e) DAV knowingly caused harm to Harman in this State and this District by altering and/or removing serial numbers from Harman products that included Harman's Northridge, California address.

6. Venue is proper in this court under 28 U.S.C. § 1391 because: (a) a

substantial part of the events that form the basis of this Complaint arose in this District, specifically, DAV maintains a highly interactive website and on-line internet presence and conducts business through on-line sales of products in this District that create a likelihood of confusion among a substantial number of consumer in this District and, thus, infringe Harman's trademarks, which are the subject of this action, in this District; and (b) DAV resides in this District for the purposes of venue as DAV is subject to the personal jurisdiction of this Court with respect to this action.

## FACTS

**A. The Parties.**

7. Harman manufacturers, among other things, high end audio visual components that are sold throughout the world. Its brands include Revel, Lexicon, Harman Kardon and JBL.

8. DAV sells audio visual components throughout the United States through its website - www.designeraudiovideo.com.

**B. The Harman Trademarks.**

9. The United States Patent and Trademark Office ("USPTO") has issued numerous registrations for REVEL, LEXICON, HARMAN KARDON and JBL marks owed by Harman for use with its audio and video electronic components and related goods / services (hereinafter "the Harman Marks"). A list of the relevant Harman Marks, and true and correct copies of printouts from the USPTO Trademark Electronic Search System that evidence each of the Harman Marks is attached collectively hereto as Exhibit 1 and made a part hereof.

10. Each of the Harman Marks has been in continuous use since at least 2010, including some since 1949.

11. The majority of Harman Marks are incontestable pursuant to 15 U.S.C. § 1065.

12. The registrations for the Harman Marks remain in full force and effect.

13. Harman has also acquired the common law rights to the use of the Harman

Marks throughout the United States.

14. Harman's federal trademark registrations were duly and legally issued, are valid and enforceable and constitute at least prima facie evidence, and in the case of incontestable marks, conclusive evidence, of Harman's exclusive ownership of the Harman Marks.

15. Harman has invested significant resources, including hundreds of thousands of dollars, and has expended significant time and effort in marketing, advertising, promoting and developing the Harman Marks throughout the United States and the world. By virtue of such marketing, advertising and promotion, Harman has established significant goodwill and recognition throughout the United States and the world of the Harman Marks and the Harman Marks have become associated exclusively with Harman and its products by its customers, potential customers and the general public at large. The Harman marks have thus acquired secondary meaning throughout the United States, including California.

16. To assure the goodwill amongst its customers, Harman manufactures its products to high standards such that its products are of high quality. As a result of such efforts, the Harman Marks are recognized throughout the United States and the world as being associated with high quality products.

**C.    Distribution of Harman Products.**

17. Harman sells its products, including those bearing the Harman Marks, solely through a network of authorized dealers, including dealers located in this District.

18. Harman's authorized dealers are prohibited by contract to sell Harman products, including those bearing the Harman Marks, to an unauthorized dealer for resale to the public. By restricting sales to the public to sales through an authorized Harman dealer, and through its significant efforts in marketing, advertising and promoting the Harman Marks, Harman has endeavored to maintain the quality of its products and services and the goodwill of the Harman Marks.

///

**D.     DAV's Infringement of the Harman Marks.**

17.     DAV sells audio visual electronic components to the general public though an internet website www.designeraudiovideo.com.  It purports to provide discount pricing to the public.  Further, it identifies products on the DAV web site that purport to be authentic Harman products bearing the Harman Marks.

18.     DAV is not an authorized Harman dealer, yet in conducting its on-line sales, DAV purports to sell products manufactured by Harman through its web site including products bearing the Harman Marks.

19.     Harman has not authorized any sales to be conducted to or through DAV nor has Harman authorized any of its dealers to sell to or conduct sales through DAV.

20.     Within the past year, DAV has sold Harman products containing the Harman Marks that DAV advertised as being authentic Harman products and, in doing so, DAV has removed and/or altered the product serial numbers installed by Harman on such products and have further sold the Harman products without an authentic Harman consumer warranty.

21.     Plaintiff is further informed and believes and thereon alleges that in addition to advertising that it carries products bearing the Harman Marks, DAV has made intentional misrepresentations to customers by claiming that its products are dropped shipped to consumers direct from the manufacturer, and has employed fraudulent tactics by, at minimum, falsifying a letter on Harman/Revel letterhead and signed by a non-existent Harman/Revel employee that indicates that Harman offers products to resellers to be resold online at less that Manufacturer's Standard Retail Pricing ("MSRP") and without the original serial numbers, and that DAV is one such "reseller."  These intentional misrepresentations and fraudulent tactics cause harm to Harman because the customer is deceived into believing that Harman endorses the products sold from DAV as reseller of Harman products and, consequently, consumers purchase products from DAV instead of from authorized Harman dealers.

///

5
COMPLAINT

**E.     Likelihood of Confusion and Injury Caused by DAV.**

24.     Removing and/or altering the serial numbers and/or the packaging of Harman products offered for sale by DAV, prevents Harman from being able to track and identify the sale of its products and further interferes with Harman's ability to control the quality of products bearing the Harman Marks.

25.     All Harman products sold to consumers bearing the Harman Marks through an authorized Harman dealer include a limited warranty in conformity with state and federal laws.

26.     The removal and/or alteration of a serial number from a product bearing the Harman Marks voids all warranties that a consumer would have received had the product been purchased from an authorized Harman dealer selling the product without removing or altering the serial number. Thus, products bearing the Harman Marks sold by DAV do not come with a Harman warranty.

27.     Further, although DAV states on its website that it offers an alternative warranty, Harman is informed and believes and thereon alleges that no such warranty is, in fact, provided with the product that complies with applicable state and/or federal law. Notwithstanding this fact, Harman has received at least one inquiry from a customer who purchased non-conforming goods bearing the Harman Marks from DAV seeking warranty assistance from Harman, who believed they were purchasing genuine Harman products that came with an authentic Harman warranty.

28.     By virtue of the above, the sale by DAV of Harman products bearing the Harman Marks on its website is likely to cause confusion among consumers regarding Harman's sponsorship, affiliation and connection to DAV and Harman's approval of DAV's sale of Harman products bearing the Harman Marks.

29.     The sale of Harman products bearing the Harman marks by DAV and any unauthorized dealer, further interferes with Harman's ability to control the quality of products bearing the Harman Marks and customer experience for those purchasing Harman products bearing the Harman Marks.

30. The actions of DAV, as hereinabove described, have caused Harman to suffer a loss of the significant goodwill it has created in the Harman Marks and Harman has lost profits from the sale of its authentic goods.

31. DAV is likely to continue to commit the actions complained of herein if not restrained and enjoined from engaging in such actions, and Harman will continue to suffer irreparable damage to the significant goodwill it has created in the Harman Marks if the actions of DAV are not restrained and enjoined.

**F.     Demand to Cease and Desist.**

32. On June 5, 2017, a written demand was sent by Harman to DAV that it cease and desist from infringing on the Harman Marks.

33. Despite demand, DAV has failed and refused, and continues to fail and refuse, to cease infringing the Harman Marks.

**COUNT ONE**
**(Trademark Infringement - False Designation of Origin)**

34. Harman incorporates the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

35. The actions of DAV, as alleged herein, constitute the use in commerce of a reproduction, counterfeit, copy or colorable imitation of the Harman Marks in connection with the sale, distribution, or advertising of goods without the consent of Harman, which has caused, is likely to cause, and which continues to cause confusion or mistake, and to deceive customers of Harman brands that contain the Harman Marks, all in violation of 15 U.S.C. § 1125(a).

36. As a direct and proximate cause of DAV's actions in violating 15 U.S.C. § 1125(a), Harman has suffered damages in an amount according to proof at the time of trial.

37. The actions of DAV in removing and/or adulterating the serials numbers, packaging, misrepresentations and fraudulent tactics, as alleged herein, is and was despicable, willful and intentional and in conscious disregard of the rights of Harman,

1 justifying an award of exemplary and punitive damages in the sum of $1,000,000.00.

2    38.    The actions on the part of DAV have cause and will continue to cause Harman irreparable injury and harm if not enjoined.

**COUNT TWO**
**(Trademark Counterfeiting)**

39.    Harman incorporates the allegations contained in paragraphs 1 through 33 as though fully set forth herein.

40.    The use in commerce of the Harman Marks by DAV in connection with the sale, offering for sale, distribution, or advertising on the DAV website is likely to cause, has caused, will in the future cause and is intended to cause confusion, mistake and deception among consumers and constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(b).

41.    The sale by DAV of Harman products containing the Harman Marks in packaging and designating the product as one manufactured by Harman, with the serial numbers removed and/or adulterated, and delivered without an authentic Harman limited warranty is likely to cause, has caused, will in the future cause and is intended to cause confusion, mistake and deception among consumer and constitutes trademark counterfeiting in violation of 15 U.S.C. § 1114(1)(b).

42.    As a direct and proximate cause of DAV's actions, as herein alleged, Harman has suffered damages and irreparable injury by which Harman is entitled to an injunction, to recover all profits made by DAV in connection with the sale of products bearing the Harman Marks, including treble profits and damages, together with costs of suit and interest pursuant to 15 U.S.C. § 1117(a) and (b), in an amount according to proof at the time of trial.

43.    As a further direct and proximate result of DAV's willful trademark counterfeiting, as alleged herein, Harman is entitled to, and hereby elects, statutory damages under 15 U.S.C. § 1117(c)(2) of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed by DAV.

**COUNT THREE**
**(Violation of California Business & Professions Code § 17200)**

44. Harman incorporates the allegations contained in paragraphs 1 through 33, 35 through 38 and 40 through 43 as though fully set forth herein.

45. DAV conducts business in the State of California.

46. California Business & Professions Code § 17200 prohibits any unlawful, unfair or fraudulent business act or practice.

47. The actions of DAV in removing and/or adulterating the serial numbers and/or packaging of products containing the Harman Marks, constitutes an unfair and/or fraudulent business practice under California Business & Professions Code § 17200.

48. The actions of DAV in engaging in the fraudulent sales practices of products advertised for sale containing the Harman Marks, constitutes an unfair and/or fraudulent business practice under California Business & Professions Code § 17200.

49. The actions of DAV, as alleged herein, creates a likelihood to deceive and confuse members of the general public who are interested in purchasing products manufactured by Harman containing the Harman Marks and cause irreparable and substantial harm to Harman.

50. As a direct and proximate cause of DAV's violation of California Business & Professions Code § 17200, Harman has lost money and suffered injury in fact and damages in the form of lost sales revenue, fees, profits and other costs, which DAV is required to disgorge, in an amount according to proof.

51. The actions of DAV in removing and/or adulterating the serials numbers, packaging and fraudulent sales tactics, in violation of California Business & Professions Code § 17200, was despicable, willful and intentional and in conscious disregard of the rights of Harman, justifying an award of exemplary and punitive damages in the sum of $1,000,000.00.

///

///

WHEREFORE, Harman prays for judgment against DAV as follows:

**On the First Count**

1. For actual and compensatory damages in an amount according to proof at the time of trial;

2. For interest on general damages at the rate of 10% per annum in an amount according to proof at the time of trial;

3. For exemplary and punitive damages in the sum of $1,000,000;

4. For an order to recall, impound and destroy all goods, advertising or other items infringing the Harman Marks pursuant to 15 U.S.C. § 1118, or otherwise; and,

5. For the issuance of a preliminary and permanent injunction that enjoins DAV, including all partners, offices, agents, servants, employees, attorneys, subsidiaries and successors-in-interest from:

    a. Using the Harman Marks or any mark that is confusingly similar to the Harman Marks, whether alone or in combination with any other words or symbols;

    b. Acquiring, or taking any steps to acquire, any Harman products containing the Harman Marks including, but not limited to, REVEL, LEXICON, HARMAN KARDON or JBL, in violation of any agreement that Harman may have with its authorized dealers, or through any other improper or unlawful channels;

    c. Advertising, selling, listing, promoting, displaying, offering for sale or shipping, or taking any steps to advertise, sell, list, promote, display, offer for sale or ship, any Harman product containing the Harman Marks including, but not limited to, REVEL, LEXICON, HARMAN KARDON or JBL products;

    d. Inducing, assisting or abetting any other person or entity in engaging in or performing any of the activities proscribed in the paragraphs above; and,

    e. Engaging in any further infringement.

**On the Second Count**

1. For treble profits and damages, together with costs of suit and interest pursuant to 15 U.S.C. § 1117(a) and (b), in an amount according to proof at the time of

1  trial;

2      2.    For a statutory penalty in the sum of $2,000,000.00 per counterfeit mark
3  pursuant to 15 U.S.C. § 1117(c);

4      3.    For an order to recall, impound and destroy all goods, advertising or other
5  items infringing on the Harman Marks pursuant to 15 U.S.C. § 1118, or otherwise; and,

6      4.    For the issuance of a preliminary and permanent injunction that enjoins
7  DAV, including all partners, offices, agents, servants, employees, attorneys, subsidiaries
8  and successors-in-interest from:

9      a.    Using the Harman Marks or any mark that is confusingly similar to
10 the Harman Marks, whether alone or in combination with any other words or symbols;

11     b.    Acquiring, or taking any steps to acquire, any Harman products
12 containing the Harman Marks including, but not limited to, REVEL, LEXICON,
13 HARMAN KARDON or JBL, in violation of any agreement that Harman may have with
14 its authorized dealers, or through any other improper or unlawful channels;

15     c.    Advertising, selling, listing, promoting, displaying, offering for sale
16 or shipping, or taking any steps to advertise, sell, list, promote, display, offer for sale or
17 ship, any Harman product containing the Harman Marks including, but not limited to,
18 REVEL, LEXICON, HARMAN KARDON or JBL products;

19     d.    Inducing, assisting or abetting any other person or entity in engaging
20 in or performing any of the activities proscribed in the paragraphs above; and,

21     e.    Engaging in any further infringement and/or counterfeiting.

**On the Third Count**

23     1.    For an order that DAV disgorge all revenue and profits earned from the sale
24 of any good bearing the Harman Marks;

25     2.    For the issuance of a preliminary and permanent injunction that enjoins
26 DAV, including all partners, offices, agents, servants, employees, attorneys, subsidiaries
27 and successors-in-interest from:

28     a.    Using the Harman Marks or any mark that is confusingly similar to

1    the Harman Marks, whether alone or in combination with any other words or symbols;

2         b.    Acquiring, or taking any steps to acquire, any Harman products containing the Harman Marks including, but not limited to, REVEL, LEXICON, HARMAN KARDON or JBL, in violation of any agreement that Harman may have with its authorized dealers, or through any other improper or unlawful channels;

        c.    Advertising, selling, listing, promoting, displaying, offering for sale or shipping, or taking any steps to advertise, sell, list, promote, display, offer for sale or ship, any Harman product containing the Harman Marks including, but not limited to, REVEL, LEXICON, HARMAN KARDON or JBL products;

        d.    Inducing, assisting or abetting any other person or entity in engaging in or performing any of the activities proscribed in the paragraphs above; and,

        e.    Engaging in any further infringement and/or counterfeiting.

### On all Counts

1.    For costs of suit incurred herein, including reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a) and California Business & Professions Code § 17200; and,

2.    For such other and further relief as the court may deem just and proper.

Dated: June 23, 2017                       COLEMAN & HOROWITT, LLP

                                          By: /s/ Sherrie M. Flynn
                                              DARRYL J. HOROWITT
                                              SHERRIE M. FLYNN
                                              Attorneys for Plaintiff,
                                              HARMAN INTERNATIONAL
                                              INDUSTRIES, INC.

## DEMAND FOR JURY TRIAL

Plaintiff, HARMAN INTERNATIONAL INDUSTRIES, INC., hereby demands a trial by jury.

Dated: June 23, 2017

COLEMAN & HOROWITT, LLP

By: /s/ Sherrie M. Flynn
DARRYL J. HOROWITT
SHERRIE M. FLYNN
Attorneys for Plaintiff,
HARMAN INTERNATIONAL INDUSTRIES, INC.